IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2013

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

LOUIS JERRY EDWARDS, M.D., TOM )
TVEDTEN, M.D., on behalf of themselves )
and their patients, )
)
PLAINTIFFS )
)
)
)
v. )
) CASE NO. 4:13CV0224-SWW
Joseph M. Beck, M.D., President )
of the Arkansas State Medical Board; )
Omar Atiq, M.D.; Harold B. Betton, M.D.; )
Steven L. Cathey, M.D.; M.D., Jim Citty, M.D.; )
Bob Cogburn, M.D., William F. Dudding, M.D.; )
Roger Harmon, P.D.; John E. Hearnsberger )
II, M.D., Verly D. Hodges, D.O.; Scott Pace, )
Pharm.D., J.D.; John H. Scribner, M.D.; )
Sylvia D. Simon, M.D.; John B. Weiss, M.D., )
officers and Members of the Arkansas State )
Medical Board, and their )
successors in office, in their official capacity, )

DEFENDANTS.

This case assigned to District Judge _____
and to Magistrate Judge _____

**COMPLAINT**

Plaintiffs, by and through their attorneys, bring this Complaint against Defendants in their official capacity, and their successors in office, and in support thereof state the following:

**INTRODUCTION**

1.  This is a constitutional challenge under 42 U.S.C. § 1983 to Act 301 of the Arkansas General Assembly of 2013, to be codified as Ark. Code Ann. §§ 20-16-1301-1307 ("the Act"). In violation of over forty years of settled United States Supreme Court precedent, the Act bans abortion care starting at 12 weeks of pregnancy, threatening the rights, liberty, and well-being of

1

Arkansas women and their families. Flouting the protections of the Fourteenth Amendment to the United States Constitution, the Act violates the right to be free from unwarranted intrusion by politicians into matters so fundamentally affecting the course of a woman's life as the decision whether and when to have a child, and whether or not to carry a previable pregnancy to term. The Act would usurp this decision that – as a constitutional matter – must rest with a woman, her family, and her doctor. A copy of Act 301 is attached hereto as Exhibit A.

2.  Under Ark. Const. art. 5, § 1 and *Fulkerson v. Refunding Bd.*, 147 S.W.2d 980, 983 (Ark. 1941), the Act is set to take effect ninety (90) days after *sine die* adjournment of the General Assembly. Because that adjournment is currently scheduled to take place April 19, 2013, the Act is currently scheduled to take effect July 18, 2013.

3.  Under the Act, Plaintiffs, medical doctors, are subject to the severe sanction of license revocation for providing abortion care starting at 12 weeks of pregnancy. The Act thus denies Plaintiffs' patients their constitutionally-guaranteed right to decide to end a previability pregnancy. To prevent this irreparable harm, Plaintiffs seek declaratory and injunctive relief to prevent enforcement of the Act.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343.

5.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

6.  Venue is appropriate under 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurs in this judicial district.

## PARTIES

7. Plaintiff Louis Jerry Edwards, M.D, is a board-certified obstetrician-gynecologist licensed to practice medicine in Arkansas. He is an associate physician at Little Rock Family Planning Services, Inc., in Little Rock, Arkansas, where he provides and/or supervises a broad range of reproductive health services, including physical exams, testing for HIV and sexually transmitted infections, screening for cervical and breast cancer, pregnancy testing and options education, contraception and contraceptive education, and abortion care. Among the health care services he provides is abortion care at and after 12 weeks. Dr. Edwards sues on behalf of himself and his patients seeking abortion care at and after 12 weeks.

8. Plaintiff Tom Tvedten, M.D., is a physician licensed to practice medicine in Arkansas. As Medical Director of Little Rock Family Planning Services, Inc., in Little Rock, Arkansas, he provides and/or supervises a broad range of reproductive health services, including physical exams, testing for HIV and sexually transmitted infections, screening for cervical and breast cancer, pregnancy testing and options education, contraception and contraceptive education, and abortion care. Among the health care services he provides is abortion care at and after 12 weeks. Dr. Tvedten sues on behalf of himself and his patients seeking abortion care at and after 12 weeks.

9. Defendants., Joseph M. Beck, M.D., Omar Atiq, M.D, Harold B. Betton, M.D., Steven L. Cathey, M.D., Jim Citty, M.D., Bob Cogburn, M.D., William F. Dudding, M.D., Roger Harmon, P.D., John E. Hearnsberger II, M.D., Veryl D. Hodges, D.O., Scott Pace, Pharm. D., J.D., John H. Scribner, M.D., Sylvia D. Simon, M.D., and John B. Weiss, M.D., are members of the Arkansas State Medical Board. The State Medical Board is responsible for licensing medical professionals under Arkansas law. Defendants and their successors in office are sued in their official capacity.

## THE ACT

10. The Act adds a new provision to the Arkansas Code, which – except "in the case of a medical emergency," Ark. Code Ann. §§ 20-16-1303(c)(1)(A)(ii) – requires "an abdominal ultrasound test" for the presence of fetal cardiac activity before providing a woman with abortion care, Act § 1303(a).

11. If the woman is 12 or more weeks pregnant and the ultrasound test detects fetal cardiac activity, the Act bans abortion, punishable by license revocation. Act § 1304.

12. The only exceptions to the ban are to save the woman's life, Act § 1302(6)(A); 1305(a)(1), (b)(1), b(3); to prevent "substantial and irreversible impairment of a major bodily function," Act § 1302(6)(A); 1305(b)(3); and for cases of statutorily defined rape or incest, Act § 1305(b)(2), or of "highly lethal fetal disorder," Act § 1302(6)(B); 1305(b)(3).

## FACTUAL ALLEGATIONS

13. Under current Arkansas law, "No abortion of a viable fetus shall be performed unless necessary to preserve the life or health of the woman" or unless "the pregnancy is the result of rape or incest perpetrated on a minor." Ark. Code Ann. § 20-16-705(a), (c). "'Viable fetus' means a fetus which can live outside the womb," and for these purposes, "a fetus shall be presumed not to be viable prior to the end of the twenty-fifth week of the pregnancy," *id.* §§ 20-16-702(3), 703.

14. Twelve weeks is a previability point in pregnancy. The earliest that fetuses can become viable is months after this point.

15. At 12 weeks, fetuses have cardiac activity detectable via abdominal ultrasound.

16. In Arkansas, 20% of abortions take place at and after 12 weeks.

17. The Act will prohibit most of these post-12 week, previability abortions.

18.     Absent an injunction, Plaintiffs will have no choice but to turn away patients in need of abortion care. The constitutional rights of Arkansas women would suffer irreparably, as would their well-being and dignity.

19.     The Act presents physicians in Arkansas with an untenable choice: to face license revocation for continuing to provide abortion care in accordance with their best medical judgment, or to stop providing the critical care their patients seek.

## FIRST CLAIM FOR RELIEF

20.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 19.

21.     By banning abortion care starting at 12 weeks, the Act violates Plaintiffs' patients' substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## INJUNCTIVE RELIEF

22.     The Act would subject Plaintiffs and their patients to irreparable harm for which no adequate remedy at law exists.

23.     Enforcement of the Act would cause irreparable harm by threatening Plaintiffs with substantial penalties for providing constitutionally protected abortion care.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A.      To issue a preliminary injunction and a permanent injunction, restraining Defendants and their successors in office from enforcing the Act.

B.      To enter a judgment declaring that the Act violates the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

C. To award Plaintiffs their attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

D. To grant such other and further relief as the Court deems just and proper.

Dated: April 16, 2013

Bettina Brownstein (85019)
Bettina E. Brownstein Law Firm
904 West 2nd St., Suite 2
Little Rock, Arkansas 72201,
Cooperating Attorney, ACLU of Arkansas
(501) 920-1764
EMAIL: bettinabrownstein@gmail.com

Susan Talcott Camp*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004-2400
(212) 549-2633
Email: tcamp@aclu.org

Stephanie Toti*
Senior Staff Attorney
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
(917) 637-3684
Email: stoti@reprorights.org

Holly Dickson
Legal Director
Arkansas Civil Liberties Union Foundation
904 West Second Street
Little Rock, Arkansas 72201
(501) 374-2660
Email: holly@acluarkansas.org

*ATTORNEYS FOR PLAINTIFFS*

*Application for admission *pro hac vice* pending

Stricken language would be deleted from and underlined language would be added to present law.
Act 301 of the Regular Session

| | | |
|---|---|---|
| 1 | State of Arkansas  *As Engrossed: S1/30/13 H2/8/13 H2/11/13 H2/13/13* | |
| 2 | 89th General Assembly | **A Bill** |
| 3 | Regular Session, 2013 | SENATE BILL 134 |

By: Senators Rapert, Bledsoe, Caldwell, A. Clark, J. Dismang, J. English, Files, J. Hendren, Hester, Hickey, Holland, J. Hutchinson, Irvin, J. Key, B. King, D. Sanders, G. Stubblefield, E. Williams, J. Woods

By: Representatives Clemmer, Alexander, D. Altes, Bell, Dale, Davis, Deffenbaugh, Dotson, C. Douglas, Farrer, Fite, Harris, Hobbs, House, Hutchison, Lea, Mayberry, D. Meeks, Neal, Scott, Westerman, Womack

## For An Act To Be Entitled

*AN ACT TO CREATE THE ARKANSAS HUMAN HEARTBEAT PROTECTION ACT; TO PROTECT UNBORN CHILDREN; AND FOR OTHER PURPOSES.*

## Subtitle

*TO CREATE THE ARKANSAS HUMAN HEARTBEAT PROTECTION ACT; TO PROTECT UNBORN CHILDREN.*

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

SECTION 1. Arkansas Code Title 20, Chapter 16 is amended to add an additional subchapter to read as follows:

Subchapter 13 — Arkansas Human Heartbeat Protection Act

20-16-1301. Title.

This subchapter shall be known and may be cited as the "Arkansas Human Heartbeat Protection Act".

20-16-1302. Definitions.

As used in this subchapter:

(1) "Contraceptive" means a device, drug, or chemical that




EXHIBIT A

01-25-2013 17:05:16 MGF097

1   prevents fertilization;
2           (2) "Fetus" means the human offspring developing during
3   pregnancy from the moment of fertilization and includes the embryonic stage
4   of development;
5           (3) "Heartbeat" means cardiac activity, the steady and
6   repetitive rhythmic contraction of the fetal heart within the gestational
7   sac;
8           (4) "Human individual" means an individual organism of the
9   species Homo sapiens;
10          (5) "Major bodily function" includes without limitation,
11  functions of the immune system, normal cell growth, and digestive, bowel,
12  bladder, neurological, brain, respiratory, circulatory, endocrine, and
13  reproductive functions;
14          (6) "Medical emergency" means a condition in which an abortion
15  is necessary:
16              (A) To preserve the life of the pregnant woman whose life is
17  endangered by a physical disorder, physical illness, or physical injury,
18  including a life-endangering physical condition caused by or arising from the
19  pregnancy itself, or when continuation of the pregnancy will create a serious
20  risk of substantial and irreversible impairment of a major bodily function of
21  the pregnant woman; or
22              (B) Due to the existence of a highly lethal fetal disorder as
23  defined by the Arkansas State Medical Board;
24          (7) "Pregnancy" means the human female reproductive condition
25  that begins with fertilization when the female is carrying the developing
26  human offspring and is calculated from the first day of the last menstrual
27  period of the human female; and
28          (8) "Viability" means a medical condition that begins with a
29  detectible fetal heartbeat.
30      20-16-1303. Testing for heartbeat.
31      (a) A person authorized to perform abortions under Arkansas law shall
32  not perform an abortion on a pregnant woman before the person tests the
33  pregnant woman to determine whether the fetus that the pregnant woman is
34  carrying possesses a detectible heartbeat.
35      (b)(1) A person authorized to perform abortions under Arkansas law
36  shall perform an abdominal ultrasound test necessary to detect a heartbeat of

1 *an unborn human individual according to standard medical practice, including*
2 *the use of medical devices as determined by standard medical practice.*
3 *(2) Tests performed under subdivision (b)(1) of this section*
4 *shall be approved by the Arkansas State Medical Board.*
5 *(c)(1) The Arkansas State Medical Board shall adopt rules:*
6 *(A)(i) Based on standard medical practice for testing for the fetal*
7 *heartbeat of an unborn human individual.*
8 *(ii) Rules adopted under subdivision (c)(1) of this*
9 *section shall specify that a test for fetal heartbeat is not required in the*
10 *case of a medical emergency; and*
11 *(B) To define, based on available medical evidence, the*
12 *statistical probability of bringing an unborn human individual to term based*
13 *on the gestational age of the unborn human individual possessing a detectible*
14 *heartbeat.*
15 *(d) If a fetal heartbeat is detected during the test required under*
16 *this section, the person performing the test shall inform the pregnant woman*
17 *in writing:*
18 *(1) That the unborn human individual that the pregnant woman is*
19 *carrying possesses a heartbeat;*
20 *(2) Of the statistical probability of bringing the unborn human*
21 *individual to term based on the gestational age of the unborn human*
22 *individual possessing a detectible heartbeat; and*
23 *(3) An abortion is prohibited under §20-16-1304.*
24 *(e) If a heartbeat has been detected, the pregnant woman shall sign a*
25 *form acknowledging that she has received the information required under*
26 *subsection (d) of this section.*
27
28 *20-16-1304. Prohibitions.*
29 *(a) A person authorized to perform abortions under Arkansas law shall*
30 *not perform an abortion on a pregnant woman with the specific intent of*
31 *causing or abetting the termination of the life of an unborn human individual*
32 *whose heartbeat has been detected under § 20-16-1303 and is twelve (12) weeks*
33 *or greater gestation.*
34 *(b) A violation of this section as determined by the Arkansas State*
35 *Medical Board shall result in the revocation of the medical license of the*
36 *person authorized to perform abortions under Arkansas law.*

As Engrossed: S1/30/13 H2/8/13 H2/11/13 H2/13/13                                    SB134

```
 1
 2        20-16-1305. Exemptions.
 3        (a)  A person does not violate this subchapter if the person:
 4             (1)  Performs a medical procedure designed to or intended to
 5   prevent the death of a pregnant woman or in reasonable medical judgment to
 6   preserve the life of the pregnant woman; or
 7             (2)(A)  Has undertaken an examination for the presence of a
 8   heartbeat in the fetus utilizing standard medical practice; and
 9                  (B)(i)  The examination does not reveal a heartbeat; or
10                       (ii)  Has been informed by a medical professional who
11   has undertaken the examination for fetal heartbeat that the examination did
12   not reveal a fetal heartbeat.
13        (b)  This subchapter does not apply to:
14             (1)  An abortion performed to save the life of the mother;
15             (2)  A pregnancy that results from rape under § 5-14-103 or
16   incest under § 5-26-202; or
17             (3)  A medical emergency.
18
19        20-16-1306. Interpretation.
20        This subchapter does not:
21             (1)  Subject a pregnant female on whom an abortion is performed
22   or attempted to be performed to any criminal prosecution or civil penalty; or
23             (2)  Prohibit the sale, use, prescription, or administration of a
24   measure, drug, or chemical designed for contraceptive purposes.
25
26        20-16-1307. Tolling of effective date.
27        If a state or federal court of competent jurisdiction voids a provision
28   of this subchapter as unconstitutional, the effective date of that provision
29   shall be tolled until that provision has been upheld as valid by an appellate
30   tribunal.
31
32
33
34                                   /s/Rapert
35        APPROVED: BECAME LAW ON 03/06/2013 Disapproved by Governor on 3-4-13,
36             Overridden by Senate and House on 3-5-13 & 3-6-13
```