**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LOUIS JERRY EDWARDS, M.D., on behalf of himself and his patients, ET AL. | * * * | |
| Plaintiffs | * * | |
| V. | * * | |
| JOSEPH M. BECK, M.D., President of the Arkansas State Medical Board, and his successors in office, in their official capacities, ET AL. | * * * * * | NO: 4:13CV00224  SWW |
| Defendants | * | |

## ORDER

Plaintiffs are physicians who provide abortion services in Arkansas, and they brought this lawsuit under 42 U.S.C. § 1983, challenging the constitutionality of the Arkansas Human Heartbeat Protection Act, codified at Ark. Code Ann. §§ 20-16-1301 through 1306.  Defendants are members of the Arkansas State Medical Board, sued in their official capacities.  Plaintiffs charged that the Act banned pre-viability abortions in violation of the Fourteenth amendment, and they sought preliminary and permanent injunctive relief barring Defendants from enforcing any portion of the Act.  The Court granted Plaintiffs' motion for a preliminary injunction, and by order and judgment entered March 14, 2014, the Court permanently enjoined Defendants from enforcing portions of the Act that prohibited physicians from performing abortions at or after twelve weeks' gestation when a fetal heartbeat is detected.  However, the Court found that other provisions that require physicians to test for a fetal heartbeat and, if a heartbeat is detected, discuss with the patient the probability of carrying the fetus to term are constitutional and severable from the twelve-week ban.

Now before the Court is Plaintiffs' motion for attorneys' fees and costs (ECF Nos. 59, 60), Defendants' response in opposition (ECF No. 61), and Plaintiffs' reply (ECF No. 65). After careful consideration, and for reasons that follow, Plaintiffs' motion is granted in part and denied in part. Plaintiffs are awarded $65,580 in attorneys' fees and $3,445.45 in costs.

## Motion for Attorneys' Fees

Plaintiffs petition the Court for $76,560 in attorneys' fees based on 255.2 hours of work performed by four plaintiff attorneys, whose proposed hourly rate is $300. Title 42 U.S.C. § 1988(b) provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . " 42 U.S.C. § 1988(b). A plaintiff achieves prevailing party status when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. Here, Plaintiffs successfully blocked Defendants' ability to enforce the prohibition on abortions at or after twelve weeks when a fetal heartbeat is detected, and there is no question that they are prevailing parties.

Plaintiffs bear the burden of establishing entitlement to an award by documenting the appropriate hours expended and hourly rates. *See Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir. 2002)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933(1983)). The procedure used in calculating attorneys fees is to compute the base "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id*.

### *Reasonable Hourly Rate*

"A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Id*.(citing *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir.

2001). The "requested rates [should be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 1547-48 n.11 (1984). Defendants do not dispute the reasonableness of the hourly rate charged in this case, and the Court finds that $300 is a reasonable hourly rate for this local market and that a local attorney possessing experience and skill similar to Plaintiffs' counsel would command an hourly rate of $300.[1]

*Hours Reasonably Expended*

"The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1439 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*.

Plaintiffs provide the affidavits of their attorneys–Bettina Brownstein, Holly Dickson, Stephanie Toti, and Susan Talcott Camp–and each attorney provides a detailed itemization of the hours of work she devoted to this case. *See* ECF Nos. 59-2, 59-3, 59-4, 59-5. Brownstein, who served as lead counsel, reports 83.2 hours; Dickson reports 15.4 hours; Toti reports 74.70 hours; and Camp reports 81.9 hours. Each attorney includes a description of tasks performed and testifies that her itemization does not include time spent on matters on which Plaintiffs did not prevail, particularly the severability issue.

---

[1] The Court has reviewed the affidavits of Plaintiffs' attorneys Bettina Brownstein, ECF No. 59-1; Susan Talcott Camp, ECF No. 59-3; Stephanie Toti, ECF No. 59-5; and Holly Dickson, ECF No. 59-6. The Court finds that each attorney has significant experience litigating civil rights cases.

Defendants object that many of the hours claimed were unnecessary or unrelated to the prosecution of Plaintiffs' successful claim. First, Defendants contend that Plaintiffs' award should not include fees for 43.3 hours expended between the entry of the preliminary injunction and the entry of the permanent injunction. They contend that the Court's order granting preliminary injunctive relief clearly signaled that the Court would permanently enjoin enforcement of the twelve-week abortion ban and that the only issue remaining was severability. According to Defendants, "there was no need for Plaintiffs to put forth any additional argument or effort regarding the issue on which Plaintiff's ultimately prevailed after the Court's grant of a preliminary injunction and the State's concession[2] that the Court would grant a permanent injunction on that issue." ECF No. 61.

Plaintiffs correctly note that the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding. *See University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981)(citations omitted). Plaintiffs' counsel had a continuing duty to zealously prosecute Plaintiffs' claims to a final judgment, and the Court finds that the 43.3 hours at issue were reasonably expended.

Second, Defendants assert that Plaintiffs should not be compensated for fees they incurred in connection with their opposition to Concept of Truth, Inc.'s motion for intervention, which the Court denied. Concept of Truth sought to intervene for the purpose of defending the Act, and the State filed a response stating that it did not oppose intervention. Concept of Truth's

---

[2]Following entry of the preliminary injunction that enjoined Defendants from enforcing any part of the Act, Defendants moved for summary judgment on the issue of severability. In a supporting brief, Defendants restated their position that the Act, in its entirety, passes constitutional scrutiny, but they stated that "the prohibition of abortion after twelve weeks' gestation . . . has been and will be invalidated by the Court." ECF No. 42, at 6.

position was adverse to Plaintiffs', and the Court finds that Plaintiffs' opposition to intervention was directly related to the prosecution of their constitutional claim. The Court finds no authority that precludes the award of attorneys' fees incurred in opposing a motion to intervene by a would-be adverse party and finds that such an award is appropriate in this case. *See Jenkins by Agyei v. State of Mo.*, 967 F.2d 1248, 1250-52 (8th Cir. 1992)(allowing the prevailing party to recover, from the defendant, attorneys' fees incurred in defending against an intervention).

Third, Defendants argue that attorney hours reported by Camp and Toti should be excluded from the fee award. Specifically, Defendants argue that it was not reasonable to have these attorneys present at the preliminary injunction hearing, and they correctly note that only Brownstein presented oral argument and that Dickson was present to assist Brownstein. Defendants further note that Camp and Toti, who traveled from New York to attend the hearing, request a total $10,980 in fees based on travel time, time spent preparing for the hearing in moot argument, and time in attendance at the hearing.

Plaintiffs respond that Camp and Toti have considerable experience in reproductive rights cases, including work in recent challenges to abortion statutes in Arizona and North Dakota, and that their knowledge and experience spared local counsel many hours of analysis, preparation, and research. However, Plaintiffs do not explain why it was necessary to have Camp and Toti attend the preliminary injunction hearing.

In a school desegregation case, the Eighth Circuit held that given the complexity and magnitude of the litigation, it was not unreasonable for a defendant school district to send *two* attorneys to attend oral argument and that an attending attorney's charges for travel and attendance were reasonable even though he did not participate in oral argument. Here, the issues

and arguments presented at the preliminary injunction hearing were straight-forward and concerned well-settled law. *See Little Rock School Dist. v. Arkansas,* 674 F.3d 990, 995 (8th Cir. 2012). The Court finds that it was not necessary to have Camp and Toti in attendance at the hearing and will therefore reduce the fee award by $10,980.

Fourth, Defendants ask the Court to reduce the requested fee award by fifty percent based on Plaintiffs' limited success. However, in arriving at the requested fee award, Plaintiffs excluded the time spent on the issue of severability. The Court finds that the requested award adequately accounts for Plaintiffs' limited success.

### Motion for Costs

Rule 54(d) of the Federal Rules of Civil Procedure "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory* Serv., 940 F.2d 351, 358-59 (8th Cir. 1991). Rule 54(d)(1) provides that a prevailing party shall be allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs.[3] Plaintiffs seek payment for expenses and costs totaling $3,445.45, and Defendants specifically state that the State has no objection to the taxation of costs in the amount claimed. Without objection, the Court will award Plaintiffs costs in the amount of $3,445.45.

IT IS THEREFORE ORDERED that Plaintiffs' motion for attorneys' fees (ECF No. 59)

---

[3] Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule 54(d)(1). These include (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are awarded $65,580 in attorneys' fees and $3,445.45 in costs.

IT IS SO ORDERED THIS 9TH   DAY OF JUNE, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE